# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

PATRICK BOLLOM and
COLLEEN BOLLOM,

        Plaintiffs,


v.

BRUNSWICK CORPORATION,
a foreign corporation transacting
business in the State of Minnesota
d/b/a Sea Ray Boats, and
MARINEMAX, INC., a foreign corporation,

        Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 18-3105 (MJD/HB)

---

Todd E. Gadtke, Gadtke Law Firm, P.A., and David Bolt, Bolt Hoffer Boyd, Counsel for Plaintiffs

Anthony W. Finnell, Jr., and Daniel J. Connolly, Faegre Drinker Biddle & Reath LLP, Counsel for Defendants.

---

        This matter is before the Court on Defendant MarineMax, Inc.'s Combined Motion and Memorandum for Entry of Final Judgment Against Plaintiffs. [Docket No. 84]  Defendant MarineMax, Inc. ("MarineMax") requests that the Court enter judgment in its favor based on the Court's order granting summary judgment and dismissing with prejudice all counts against MarineMax.  [Docket

1

No. 62]  Defendant Sea Ray Boats, a division of Brunswick Corporation ("Sea Ray") does not oppose MarineMax's motion.  (MarineMax Motion at 1 n.1.) Plaintiffs Patrick and Colleen Bollom do not oppose the motion.  (Pls. Resp. at 1.)

The background facts of this case are set forth in detail in the Court's Summary Judgment Order.  [Docket No. 62]  On April 10, 2020, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. The Court granted summary judgment as to MarineMax and dismissed with prejudice all claims against MarineMax.  With respect to Defendant Sea Ray, the Court denied summary judgment as to Count 4 Revocation of Acceptance and granted summary judgment as to all remaining claims against Sea Ray.

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

"Before certifying that there is no just reason for delay under Rule 54(b), the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal

appeals." <u>Clos v. Corr. Corp. of Am.</u>, 597 F.3d 925, 928 (8th Cir. 2010) (citation

omitted).

"[T]he district court must undertake a two-step analysis when deciding

whether to certify an order under Rule 54(b)." <u>Downing v. Riceland Foods, Inc.</u>,

810 F.3d 580, 585 (8th Cir. 2016).  The Court "must first determine that it is

dealing with a final judgment . . . in the sense that it is an ultimate disposition of

an individual claim." <u>Id.</u> (citation omitted).  In this case, the Court holds, and the

parties agree, that the Court is dealing with a final judgment: the Court's

Summary Judgment Order fully disposes of all claims asserted against

MarineMax.

> Second, the district court must determine whether a just reason for
> delay exists.  In making such determination, the district court must
> consider both the equities of the situation and judicial administrative
> interests, particularly the interest in preventing piecemeal appeals.
> It is a long-standing rule of the Eighth Circuit that [c]ertification
> should be granted only if there exists some danger of hardship or
> injustice through delay which would be alleviated by immediate
> appeal.

<u>Id.</u> (citations omitted).  The appellate court has identified several factors that

should be considered in determining whether danger or hardship through delay

exists:

3

>(1) the relationship between the adjudicated and unadjudicated
>claims; (2) the possibility that the need for review might or might
>not be mooted by future developments in the district court; (3) the
>possibility that the reviewing court might be obliged to consider the
>same issue a second time; (4) the presence or absence of a claim or
>counterclaim which could result in setoff against the judgment
>sought to be made final; (5) miscellaneous factors such as delay,
>economic and solvency considerations, shortening the time of trial,
>frivolity of competing claims, expense, and the like.

Id. at 585–86 (citation omitted).

The Court concludes that the relevant factors weigh in favor of Rule 54(b)

certification.  First, the dismissed claims against MarineMax (Count 1: Violation

of Magnuson-Moss Warranty Act; Count 3: Breach of Implied Warranty of

Merchantability and Count 4: Revocation of Acceptance) are not intertwined

with the claims asserted against Sea Ray.  The Court dismissed Count 1 against

MarineMax because Plaintiffs only asserted an express warranty claim against

Sea Ray, not MarineMax, a basis that did not apply against Sea Ray.  Count 2:

Breach of Express Warranty was not asserted against MarineMax.

The Court dismissed Count 3 against MarineMax based on MarineMax's

disclaimer of the implied warranty of merchantability in the Purchase

Agreement, which Plaintiffs conceded was effective and which is analyzed

separately from Sea Ray's disclaimer.  Finally, the Court dismissed Count 4

against MarineMax based on MarineMax's disclaimer, which does not apply to Sea Ray. Thus, none of the dismissed claims against MarineMax overlap with the claims against Sea Ray.

Second, MarineMax is not requesting certification for purposes of interlocutory review. Rather, it wishes to move for attorneys' fees and costs and end its participation in this litigation. If MarineMax or Plaintiffs did seek appellate review, future developments in the litigation between Plaintiffs and Sea Ray will not moot the issues that would be raised on appeal.

Third, the Eighth Circuit is not likely to consider the same issue twice because the bases for dismissal of the claims against MarineMax are distinct from the bases for the Court's decisions on the claims against Sea Ray.

The fourth factor, the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final, weighs in favor of certification because the judgment sought to be made final is a dismissal and not a monetary award.

Finally, the miscellaneous factors weigh in favor of certification. As the prevailing party, MarineMax has a strong interest in seeking to exercise its alleged rights to costs and attorneys' fees under the Purchase Agreement and

gaining finality after substantial motion practice.  The question of whether

MarineMax is entitled to recover costs and fees will be decided by the Court and

will not cause any delay in the trial between Plaintiffs and Sea Ray.  MarineMax's

claim for fees will not impact the adjudication of Plaintiffs' revocation claim

against Sea Ray.

In sum, the Court concludes that this is a case in which Rule 54(b)

certification is appropriate.  The parties have a unified and strong interest in

finality regarding the litigation between MarineMax and Plaintiffs.  Any further

delay is not just to MarineMax and Plaintiffs.  Future developments, including

any appeal, with regard to the claims against Sea Ray will not impact the finality

of this case as to MarineMax.  There is no remaining claim or counterclaim that

could result in a setoff.  Overall, the Court concludes that there is no just reason

for delay and directs entry of final judgment as to all claims against MarineMax.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. Defendant MarineMax, Inc.'s Combined Motion and
   Memorandum for Entry of Final Judgment Against Plaintiffs
   [Docket No. 84] is **GRANTED**.

2. Judgment shall be entered in favor of Defendant MarineMax, Inc. and Plaintiffs' claims against MarineMax are dismissed with prejudice in their entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 22, 2020           s/ Michael J. Davis
                                    Michael J. Davis
                                    United States District Court