# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

PATRICK BOLLOM and
COLLEEN BOLLOM,

                Plaintiffs,

v.                                    **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 18-3105 (MJD/HB)

BRUNSWICK CORPORATION,
a foreign corporation transacting
business in the State of Minnesota
d/b/a Sea Ray Boats, and
MARINEMAX, INC., a foreign corporation,

                Defendants.

Todd E. Gadtke, Gadtke Law Firm, P.A., and David M. Bolt, Bolt Hoffer Boyd,
Counsel for Plaintiffs

Anthony W. Finnell, Jr., and Daniel J. Connolly, Faegre Drinker Biddle & Reath
LLP, Counsel for Defendants.

## I.      INTRODUCTION

       This matter is before the Court on Defendant MarineMax, Inc.'s Motion for

Award of Attorneys' Fees and Nontaxable Costs.  [Docket No. 88]  For the

reasons that follow, the Court grants Defendant's motion.

## II.     BACKGROUND

## A.     Background Facts

The background facts of this case are set forth in detail in the Court's

Summary Judgment Order.  [Docket No. 62]  As set forth in the Order, on

October 21, 2015, Plaintiffs Patrick Bollom and Colleen Bollom purchased a new

2015 Sea Ray Venture 370 Sport Cruiser ("Vessel") from Defendant MarineMax,

Inc. ("MarineMax").  The Vessel was manufactured by Defendant Sea Ray Boats,

a division of Brunswick Corporation ("Sea Ray").

The Purchase Agreement is governed by Minnesota law.  ([Docket No. 88-

1] MarineMax Ex. A, Purchase Agreement.)  Paragraph 9 of the Purchase

Agreement provides:

> **ATTORNEY'S FEES.**  In the event it is necessary for Seller to
> employ an attorney to enforce any of the terms of this Agreement or
> to defend any lawsuit arising out of this Agreement, then Buyer
> shall pay all of Seller's costs, including reasonable attorney fees,
> whether incurred in trial, appellate or bankruptcy court
> proceedings, plus court costs, deposition, investigation and travel
> expense and any other necessary expenses unless a judgment is
> entered against Seller for the complete relief sought in any
> complaint or pleading.

Plaintiffs asserted that, in the three years after taking delivery of the

Vessel, they experienced a variety of problems with it.

## B.     Procedural History

On October 5, 2018, Plaintiffs commenced an action in Minnesota state court against Sea Ray and MarineMax by serving MarineMax with the summons and Complaint.  The matter was removed to this Court on November 5, 2018 based on diversity and federal question jurisdiction.  [Docket No. 1]

The Complaint alleged: Count 1: Violation of 15 U.S.C. § 2301, et. seq., Magnuson-Moss Warranty Act (Sea Ray and MarineMax); Count 2: Breach of Express Warranty, Violation of Minn. Stat. §§ 336.2-607 and 336.2-714 (Sea Ray); Count 3: Breach of Implied Warranty of Merchantability, Violation of Minn. Stat. § 336.2-314 (Sea Ray and MarineMax); and Count 4: Revocation of Acceptance, Violation of Minn. Stat. § 336.2-608 (Sea Ray and MarineMax).  The Complaint explicitly stated that Counts 1, 3, and 4 were asserted "AGAINST BOTH DEFENDANTS."

On April 10, 2020, the Court granted in part and denied in part Defendants' Motion for Summary Judgment.  [Docket No. 62]  The Court granted summary judgment as to MarineMax and dismissed with prejudice all claims against MarineMax.  With respect to Defendant Sea Ray, the Court denied summary judgment as to Count 4: Revocation of Acceptance and granted

summary judgment as to all remaining claims against Sea Ray.  The Court

granted both <u>Daubert</u> motions brought by Defendants.

On October 22, 2020, the Court granted MarineMax's unopposed motion

for entry of final judgment as to MarineMax pursuant to Federal Rule of Civil

Procedure 54(b).  [Docket No. 86]

MarineMax now moves for an award of reasonable attorneys' fees of

$134,847.05 and award of nontaxable costs[1] of $13,401.88.  Plaintiffs oppose

MarineMax's motion.  In MarineMax's reply, it requests an additional $16,656.00

in legal fees incurred in responding to Plaintiffs' opposition to motion for

attorneys' fees.

## III.   DISCUSSION

### A.     Standard

Under Minnesota law, "[a]ttorney fees are recoverable if specifically

authorized by contract or statute."  <u>Horodenski v. Lyndale Green Townhome</u>

<u>Ass'n, Inc.</u>, 804 N.W.2d 366, 371 (Minn. Ct. App. 2011) (citation omitted).

Recoverable fees and costs include those incurred as result of having to file a

---

[1] MarineMax separately filed a Bill of Costs as the prevailing party seeking
taxable costs under 28 U.S.C. § 1920, which was granted by the Clerk's Office.
[Docket No. 122]  In the motion before the Court, MarineMax does not seek
reimbursement for any of the taxable costs that it claims in its Bill of Costs.

4

motion to enforce an attorneys' fee provision in a contract.  <u>See, e.g.</u>, <u>In re RFC</u>, 399 F. Supp. 3d 827, 858 (D. Minn. 2019).

Generally, Minnesota and federal courts use the lodestar method to determine the reasonableness of attorneys' fees.  <u>See, e.g.</u>, <u>Hanig v. Lee</u>, 415 F.3d 822, 825 (8th Cir. 2005); <u>Green v. BMW of N. Am., LLC</u>, 826 N.W.2d 530, 535 (Minn. 2013).  "The lodestar method requires the court to determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  <u>Green</u>, 826 N.W.2d at 535 (citation omitted).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).

### B.    Plaintiffs' Objections to the Fee Request

Plaintiffs do not dispute that MarineMax was the prevailing party; nor do they dispute that the Purchase Agreement is a valid contract that requires Plaintiffs to pay MarineMax's attorneys' fees and costs that were necessarily incurred to defend this lawsuit.  Plaintiffs assert four reasons that MarineMax's motion should be denied: 1) it was not "necessary" for MarineMax to employ attorneys for this case because Sea Ray was legally obligated to employ and pay for counsel for the claims asserted against MarineMax; 2) MarineMax had no

legal obligation to pay for attorneys' fees or litigation costs, so the fees and costs were not "incurred;" 3) Plaintiffs have a right to a jury trial on MarineMax's attorneys' fees and costs claim under the Minnesota constitution; and 4) MarineMax's requested fees and costs are unreasonable.

### C.   Whether It Was "Necessary" for MarineMax to Employ Attorneys

Plaintiffs assert that MarineMax is not entitled to attorneys' fees because the Purchase Agreement only provides for award of attorneys' fees "[i]n the event it is necessary for [MarineMax] to employ an attorney . . . to defend any lawsuit arising out of this Agreement."  Plaintiffs claim that it was not necessary for MarineMax to hire an attorney to defend itself in this lawsuit because the Sales and Service Agreement between MarineMax and Sea Ray requires Sea Ray to indemnify and hold harmless MarineMax for any attorneys' fees incurred in this case.  The Sales and Service Agreement states:

> Sea Ray agrees to indemnify and hold harmless Dealer [MarineMax] for losses, cost and expense to the extent such losses, cost or expense result from any third party claim related to (1) Sea Ray's negligent acts or omissions involving the original design or manufacture of any Product at the time it left Sea Ray's possession or control, or the repair of any Product performed by Sea Ray, or (2) any breach of this Agreement by Sea Ray.  Sea Ray, at its expense and through counsel of its own choosing, may defend any litigation that may arise out of any claims covered hereby, and Dealer agrees to cooperate at its own expense and provide Sea Ray with any available information as may be reasonably necessary to such

6

defense.  In the event Sea Ray elects not to defend any litigation that may arise out of any claims covered hereby, Sea Ray will be responsible for Dealer's reasonable attorney fees on a pro-rated basis to the extent such losses are subject to indemnification pursuant to this Agreement.

([Docket No. 102-1] Gadtke Decl., Ex. A, Sales and Service Agreement ¶ 11(B).)

Plaintiffs claim that MarineMax could have required Sea Ray to provide its defense in this case and, instead, MarineMax voluntarily incurred attorneys' fees and costs that were not necessary.

The Court holds that it was "necessary" for MarineMax to employ counsel to defend itself from Plaintiffs' lawsuit.  Plaintiffs sued MarineMax, and a corporation such as MarineMax cannot appear pro se in Minnesota state court or in federal court.  See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996); Nicollet Restoration, Inc. v. Turnham, 486 N.W.2d 753, 756 (Minn. 1992).  Therefore, it was "necessary" for MarineMax to employ counsel to defend against Plaintiffs' lawsuit.

The Sales and Service Agreement did not make it unnecessary for MarineMax to employ counsel.  First, the Sales and Service Agreement does not require Sea Ray to defend MarineMax.  It allows Sea Ray the option to employ counsel to defend MarineMax ("may defend") in litigation arising out of covered

7

claims, but there is no assertion that Sea Ray exercised its discretion to do so in this case.  Second, the Sales and Service Agreement only requires Sea Ray to either indemnify MarineMax for reasonable attorneys' fees or defend MarineMax if MarineMax is subject to a third-party claim related to "Sea Ray's negligent acts" or Sea Ray's breach of the Sales and Service Agreement between Sea Ray and MarineMax.  Plaintiffs sued MarineMax for violation of the Magnuson-Moss Warranty Act, breach of implied warranty of merchantability, and revocation of acceptance.  The claims in this lawsuit have nothing to do with the Sales and Service Agreement between Sea Ray and MarineMax.  Nor are any of the claims based on an allegation of negligence by Sea Ray.  Thus, the Sales and Service Agreement did not require Sea Ray to defend MarineMax, and it was necessary for MarineMax to employ counsel to defend itself against Plaintiffs' claims.

### D.    Whether the Fees and Costs Were "Incurred"

Plaintiffs note that the Purchase Agreement requires them to pay for "reasonable attorney fees, whether incurred in trial, appellate or bankruptcy court proceedings."  (Purchase Agreement ¶ 9.)  They conclude that, for attorneys' fees and costs to be "incurred," and, thus, recoverable, MarineMax must have "become liable for" those fees and costs.  See, e.g., Collins v. Farmers Ins. Exch., 135 N.W.2d 503, 507 (Minn. 1965).  Plaintiffs conclude that, because

8

MarineMax had no legal obligation to pay for its legal fees or costs, in never "incurred" them.

The Court holds that MarineMax "incurred" its attorneys' fees and costs because, as previously discussed, Sea Ray was not required to pay for MarineMax's attorneys' fees or costs.  MarineMax incurred legal liability for and paid the fees and costs it now seeks.  (See Davis Decl. ¶¶ 1-3.)

### E.    Right to Jury Trial

Plaintiffs do not have a right to a jury trial on the issue of attorneys' fees.  The right to a jury trial in federal court, including in diversity cases, is governed by federal law, not state law: "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions."  Simler v. Conner, 372 U.S. 221, 222 (1963).  See also Kampa v. White Consolidated Indus., Inc., 115 F.3d 585, 587 (8th Cir. 1997).

The Supreme Court has emphasized

that the determination of fees should not result in a second major litigation.  The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award.  But trial courts need not, and indeed should not, become green-eyeshade accountants.

Fox v. Vice, 563 U.S. 826, 838 (2011) (citations omitted).

9

A request for attorneys' fees incurred within a federal lawsuit (as opposed to fees incurred before the lawsuit was filed in a separate matter) and owed under contract must be made after judgment pursuant to Federal Rule of Civil Procedure 54(d) motion to the Court, as MarineMax has correctly done in this case.  See, e.g., Wiley v. Mitchell, 106 F. App'x 517, 522-23 (8th Cir. 2004); Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1071–72 (8th Cir. 2000).

**F.      Reasonableness of the Fees and Costs Requested**

**1.      Reasonableness of Attorneys' Hourly Rates**

**a)      Standard**

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."  Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001).  "[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates."  Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).

**b)      Rates at Issue**

MarineMax's law firm, Faegre Drinker Biddle & Reath LLP ("Faegre"), billed its employees at the rates set forth in the Finnell Declaration.  (See Finnell Decl. ¶¶ 2-3.)

10

### c)   Rate Charged by Lead Attorney Anthony Finnell

The Court approves attorney Anthony Finnell's hourly rate.  Based on this Court's extensive experience, it finds that Finnell's rate is within the range of prevailing market rate for similar work in this community.  Additionally, courts in Minnesota, including this Court, often approve hourly rates in this range and higher for similar work in this community.  See, e.g., In re RFC, 399 F. Supp. 3d 827, 848 (D. Minn. 2019) (noting that "courts in Minnesota have awarded attorney's fees at hourly rates of $600 and $650") (gathering cases).

While Finnell has only been an attorney for 6 years, he is a product liability attorney specializing in this area of law, did the bulk of the work on this case, provided excellent work, and achieved complete success for MarineMax.  See City of Riverside v. Rivera, 477 U.S. 561, 569–70 (1986) (approving reasoning that, "[i]f a young attorney demonstrates the skill and ability, he should not be penalized for only recently being admitted to the bar") (citation omitted).  There is no basis to discount Finnell's hourly rate.  The fact that Plaintiffs' counsel charged a particular rate is not a basis to reduce Finnell's rate, particularly when Finnell's representation achieved complete success for MarineMax.  Moreover, the Eighth Circuit has cautioned that a court should not base its approval of fees charged by the prevailing party on the amount of fees charged by the losing

11

party.  See Burks v. Siemens Energy & Automation, Inc., 215 F.3d 880, 884 (8th

Cir. 2000).

### d)   Rates Charged by Partners Bruce Jones and Daniel Connolly

The Court will reduce the hourly rates charged by the two partners on the

case: Bruce Jones and Daniel Connolly.  Both have extensive experience, are

experts in the product liability subject matter, and were utilized sparingly,

generally to review Finnell's work.  However, their hourly rates, particularly in

2020, are simply too high for the prevailing rate in the current Minnesota legal

market.  Based on this Court's extensive experience with local billing rates and a

review of cases from this this District, the Court will reduce their billing rates to

$650 per hour.

### e)   Rates Charged by the Remaining Timekeepers

The Court approves the hourly rates of the other associates, the paralegal,

the librarian, and the ESI (electronically stored data) professionals.  The rates

charged are within the range of prevailing rates for similar work in the

community.  Plaintiffs provide no legitimate basis for their rates to be reduced.

2.      **Reasonableness of Hours Expended**

Generally, the total hours expended by MarineMax's attorneys were

reasonable based on the length of the litigation; the complexity of the subject

matter, which required in-depth analysis and inspections by electrical engineers

and valuation experts; the need to employ ESI specialists to address discovery

requests; the fact that most of the work was performed by junior attorneys,

paralegals, and support staff; seven depositions that were taken; and extensive

dispositive motion practice.  Ultimately, MarineMax successfully obtained

complete judgment in its favor.  The amount of money spent on attorneys' fees is

high in relation to the damages sought in this matter; however, MarineMax did

not respond unreasonably to the litigation against it and cannot be said to be the

cause of the mismatch between the time expended and the relatively low

damages sought.

The Court now turns to the objections to particular expenditures of time.

a)      **Claims Asserted**

Plaintiffs' claim that they only asserted one claim against MarineMax

while asserting four claims against Sea Ray is erroneous.  The Complaint

explicitly asserts three claims against "both Defendants," which necessarily

includes MarineMax: Count 1: violation of the Magnuson-Moss Warranty Act;

Count 3: breach of the implied warranty of merchantability; and Count 4:

revocation of acceptance.  At no point before MarineMax filed its summary

judgment motion did Plaintiffs amend their Complaint or indicate that they were

withdrawing Counts 1 and 3 against MarineMax.  Thus, MarineMax reasonably

spent considerable time and effort defending against those claims, both on

grounds that were applicable to both Sea Ray and MarineMax (see, e.g., [Docket

No. 29] Defs. Summary Judgment Brief at 6-7 (arguing that implied warranty

claim should be dismissed as to both Defendants on multiple grounds)) and on

grounds that were particular to MarineMax (see, e.g., id. at 11-12 (arguing that

MarineMax was entitled to summary judgment on the Magnusson-Moss

warranty claim because MarineMax did not issue a written warranty and

disclaimed all warranties)).  Thus, the claim that MarineMax should only pay for

25% of the total defense costs has no basis.

### b)      Motion to Amend Answer

Plaintiffs object that, in April 2019, MarineMax's attorneys took time to

draft an amended Answer and also drafted a motion to amend that was never

ruled on because after the motion was drafted, Finnell conferred with Plaintiffs'

counsel who agreed to the amendments.  (<u>See</u> [Docket No. 15] Parties'

Stipulation for Defendants to Amend Answer to Plaintiffs' Complaint.)  The

Court agrees that the time spent drafting the motion to amend was unnecessary

and strikes that time.

### c)      Pretrial Conference

The Court denies Plaintiffs' request to eliminate the time spent preparing

for the meet and confer and pretrial conference.  This amount of time does not

appear excessive, and it is efficient for an attorney to spend more time preparing

for the pretrial conference that in the actual pretrial conference.

### d)      Double Billing

Plaintiffs assert multiple instances of double billing.  In response,

MarineMax admits that the two identical entries for 1.9 hours on March 7, 2019

was a typographical error, so the Court strikes 1.9 hours from that date.  For the

other allegations of double billing, it is difficult to discern if double billing

occurred because of the manner in which MarineMax organized its attorneys'

time sheets.  Rather than listing the billing in chronological order, the entries are

split out into various categories, such as discovery or conferences.  However,

these categories necessarily overlap.  When an identical billing entry appears in

more than one category, it could be a typographical error and double billing or it could be that MarineMax split the total time to allocate the entry between two categories.  MarineMax bears the burden of showing that the hours it expended were reasonable, and the difficulty in analyzing the reasonableness of its bills is caused by MarineMax's own decision to expend additional time rearranging its billing records out of chronological order and into these overlapping categories. Therefore, the Court will cut out time for all duplicative entries appearing twice on the same date.  In total, this amounts to a reduction 1.6 hours consisting of 0.1 hours on December 4, 2018 (Finnell Decl. at 8-9, 20); 0.3 hours for on December 13, 2018 (Finnell Decl. at 9, 20); 0.6 hours on December 17, 2018 (Finnell Decl. at 9, 20); 0.3 hours on January 8, 2019 (Finnell Decl. at 10, 21); 0.2 hours on March 28, 2019 (Finnell Decl. at 12, 23); and 0.1 hours on June 20, 2019 (Finnell Decl. at 13, 40).

### e)      Research

The Court denies Plaintiffs' request to cut the amount of time defense counsel spent on research.  First, Plaintiffs inaccurately claim to have only asserted one claim against MarineMax when, in fact, they asserted three separate claims.  Second, the amount of time expended is reasonable.  Plaintiffs' assertion

16

that their claims were simple and straightforward is belied by the fact that Court

granted summary judgment to MarineMax on all claims – based on legal

arguments that defense counsel crafted based on research that led to a different

conclusion that Plaintiffs' counsel's research.

### f)  Depositions

The Court overrules Plaintiffs' objection that ten hours of preparation by

Finnell for each Plaintiff's deposition was unreasonable.  There is no basis for

Plaintiffs' claim that an attorney should spend the same amount of time

preparing for the deposition as the deposition, itself, takes.  Within reason,

additional preparation will likely make the deposition itself shorter and more

efficient.  The amount of time expended – ten hours each for two depositions

that, according to Plaintiffs lasted "a few" hours[2], is in line with what courts

consider reasonable.  See, e.g., Darmer v. State Farm Fire & Cas. Co., No. 17-CV-

4309-JRT-KMM, 2020 WL 1558137, at *4 (D. Minn. Feb. 24, 2020), report and

recommendation adopted, No. CV 17-4309 (JRT/KMM), 2020 WL 1550725 (D.

Minn. Apr. 1, 2020).

---

[2] Finnell recorded 6 hours total for deposing both Plaintiffs.  (Finnell Decl. at 34.)

**g)      Dispositive Motion Practice**

The Court declines to cut the total hours spent on dispositive motions.  The time spent involved three separate motions (one summary judgment motion and two <u>Daubert</u> motions) for two different Defendants, and MarineMax only seeks reimbursement for half of that time.  Additionally, the time spent preparing for oral argument was reasonable as the parties could not have predicted that, at the last minute, oral argument would have been cancelled due to the COVID-19 pandemic.  The amount of time spent preparing the dispositive motions is reasonable, particularly when MarineMax prevailed on all three motions and the motions resulted in complete victory for MarineMax.

**h)      Disputing Plaintiffs' Requests for Admissions**

Plaintiffs assert that MarineMax should collect no fees incurred in amending its responses to Plaintiffs' requests for admissions because Defendants were at fault for failing to respond within the time limit.

The Court denies Plaintiffs' request to cut hours related to this dispute. The record indicates that the parties reached an informal agreement regarding discovery related to MarineMax's attorneys' fees incurred in this lawsuit.  Later, the parties disagreed regarding the effect of that informal agreement and

18

whether or not it excused Defendants from responding to Plaintiffs' requests for admissions regarding attorneys' fees. The matter was resolved through motion practice before the Magistrate Judge, and Defendants were granted additional time to respond. This appears to be a typical discovery dispute in which the parties disagreed regarding the interpretation of their previous discovery agreement.

### i)    Meetings with and Time Involving Supervising Attorneys

Plaintiffs object to time billed for Finnell conferring with senior attorney Connolly and participating in a meeting with Connolly and an expert witness. They argue that, based on the high billable hourly rate charged by Finnell, he should not need to confer with a senior attorney.

Connolly and Jones wrote off most of their time because they were mentoring and supervising Finnell. ([Docket No. 115] Reply Ex. D, Connolly Decl. ¶ 4.) The small amount of remaining time billed by Connolly and Jones is reasonable. They made the efficient decision to have the vast majority of the legal work done by a less expensive and less experienced attorney. Billing for a handful of hours reviewing final drafts and occasionally conferring with Finnell or in a joint meeting with Finnell and the expert witness was a decision that was

both reasonable and efficient.  Finnell conducted the bulk of the work alone.  The

occasional inclusion of a senior attorney in a meeting, such as preparing the

expert witness for his deposition, is within the realm of activities that courts

generally find compensable and reasonable.  <u>See, e.g.</u>, <u>Myers v. Aitkin Cty.</u>, No.

CV 14-473 (JRT/LIB), 2017 WL 1134575, at *3 (D. Minn. Mar. 27, 2017).

### j)      Time Spent on Discovery Requests and Privilege Review

The Court approves as reasonable the time Finnell billed to respond to and

conduct privilege review for two separate defendants for Plaintiffs' Request for

Production of Documents, Interrogatories and Requests for Admission.  The

Court also finds the privilege review by ESI professionals to be reasonable.  They

billed at a far lower rate than attorneys or paralegals, and document privilege

review is time consuming.  The fact that Finnell spent far fewer hours redacting

the documents than the ESI professionals did searching for privileged material

reflects an efficient allocation of resources.

### k)      Time Billed by Attorney Isabella Chammas

The Court grants Plaintiffs' request to strike the two entries related to

attorney Isabella Chammas.  Chammas appears only twice in MarineMax's

invoices on April 17 and April 23, 2019 for a total of 0.8 hours of meetings with

Finnell regarding a document review program.  (Finnell Decl. at 26.)  Because

Chammas' only billed time is for meetings with Finnell, the Court will eliminate

her time.

### l)      Motion to Certify the Judgment

The Court will reduce the hours expended on the motion to certify

judgment from to 4 hours.  MarineMax failed to meet and confer with Plaintiffs

before filing the motion and, if it had discussed the matter with Plaintiffs, it

would have realized that they would have stipulated to entry of judgment or

joined in MarineMax's motion.  However, the Court will not eliminate all hours

spent on this certification issue.  The Eighth Circuit bars a district court from

granting a Rule 54(b) certification based solely on the parties' bare bones

stipulation.  See, e.g., Clos v. Corr. Corp. of Am., 597 F.3d 925, 929 (8th Cir. 2010).

Thus, regardless of whether the parties had met and conferred and agreed to

jointly agree to certification, MarineMax's attorneys would have had to spent

time researching and writing either a stipulation or motion that explained the

legal standard for certification and argued to the Court why certification was

21

appropriate in this case.  The Court concludes that 4 hours would have been

reasonable amount of time to spend on such a stipulation or joint motion.

> ### m)     Time Spent Preparing the Motion for Attorneys' Fees

The Court grants Plaintiffs' request to reduce the hours billed by paralegal

Chemaine Athias-Williams preparing the billing records chart appearing in the

Finnell Declaration for the current motion for attorneys' fees to 12 hours.  The

amount of time billed by Athias-Williams appears accurate given how

complicated the finished product is.  However, the choice to reconstruct the

billing record in the manner that MarineMax's attorneys did resulted in records

that were confusing and gave rise to apparent accidental overbilling because

billed time was taken out of chronological order and spread across categories of

tasks that overlapped.  It would have been easier for the Court to review the

billing records if they had been left in chronological order as they likely were

when billed to the client.  Therefore, because the amount of time spent was

unnecessary and, in fact, further complicated the billing records, the  Court

reduces the hours to 12.

Finally, in MarineMax's reply, it requests an additional $16,656.00 in legal

fees incurred in responding to Plaintiffs' opposition to motion for attorneys' fees.

The Court has reviewed the time records and concludes that this amount is reasonable.

In total, the Court reduces the attorneys' fees request by MarineMax by $8,443.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant MarineMax, Inc.'s Motion for Award of Attorneys' Fees and Nontaxable Costs [Docket No. 88] is **GRANTED IN PART** and **DENIED IN PART** as follows: Judgment is entered in favor of Defendant MarineMax, Inc., and against Plaintiffs Patrick Bollom and Colleen Bollom in the amount of $156,461.93, consisting of $143,060.05 in attorneys' fees and $13,401.88 in nontaxable costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 30, 2021          s/Michael J. Davis
                               Michael J. Davis
                               United States District Court